## Peace v. Commonwealth.

(Decided February 20, 1925.)

### Appeal from Whitley Circuit Court.

Criminal Law—Conviction Affirmed, where Grounds for Reversal could Not be Considered in Absence of Bill of Evidence.—Where last extension for filing transcript of evidence had expired, and grounds for reversal could not be considered in absence thereof, conviction was affirmed, indictment being sufficient to support verdict, and proceedings having been regular.

R. L. POPE and OSCAR W. BLACK for appellant.

FRANK E. DAUGHGERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellant, Ben Peace, on his trial in the court below under an indictment charging him with the offense of unlawfully, wilfully and maliciously shooting and wounding one C. F. Jones, was by verdict of the jury found guilty of the lesser offense of unlawfully, wilfully and in sudden heat and passion shooting and wounding the person named and his punishment fixed at a fine of $250.00, and imprisonment of six months in jail. He was refused a new trial and has appealed.

We find in the record a pardon from the Governor of the state, which relieves the appellant of so much of the punishment inflicted by the verdict and judgment of conviction as required his confinement of six months in jail.

Although the appellant was twice granted by this court an extension of time for filing a transcript of the evidence heard on his trial in the circuit court, and the last extension has expired, no transcript of the evidence has been filed. Nor have we been furnished with a brief by the appellant's counsel. So the record presented contains only the indictment, orders with respect to the trial, verdict, motion and grounds for a new trial, the overruling of the latter and judgment entered on the verdict. And as the grounds relied on by appellant for the reversal cannot be considered or passed on by us in the absence of a bill of the evidence, and the sufficiency of the indictment and regularity of the proceedings on the trial are patent from the record before us and fully support the verdict, the judgment of conviction must be and is affirmed.